E. D. Boston, C. E. Lanier and T. H. Landers, *Plaintiffs in Error,* v. W. Shayne, doing business as Dixie Music Company, *Defendant in Error.*

Opinion Filed February 16, 1922.

1. Where a writ of replevin shows it was issued on a complaint, it will be assumed, in the absence of a contrary showing, that the required affidavit was on file, though erroneously dated, when the writ was issued.

2. In an action of replevin, a judgment for the recovery of property may be properly rendered, even though there is no judgment for the value of the property or for damages and costs.

A Writ of Error to the Circuit Court for Highlands County; George W. Whitehurst, Judge.

Affirmed.

*Treadwell & Treadwell,* for Plaintiffs in Error;

*Leitner & Leitner,* for Defendant in Error.

Whitfield, J.—In an action of replevin the following verdict was rendered:

"We, the jury, find for the plaintiff and find that he is the owner of and entitled to the possession immediately of the property in the declaration described, to-wit: One American Foto-Player, style fifteen.

"We also find the value of the said property to be $1,500.00.

"We also find that the plaintiff is entitled to the sum of $525.00 for the unlawful detention of the said property.

"We also find that the said property was re-delivered to the defendant upon his forthcoming bond, the sureties upon which are T. H. Lander and C. E. Lanier.

"So say we all."

Upon the verdict the following judgment was rendered:

"It is, therefore, ordered, adjudged and decreed that the plaintiffs have and recover of and from the defendant the said personal property, to-wit: One American Foto-Player, style fifteen, together with his damages in the sum of $...... and his costs of this suit here taxed at $.......; for which let execution issue in due course.

"It is further ordered, adjudged and decreed that the plaintiff have and recover of and from the defendant and his said sureties, to-wit: T. H. Lander and C. E. Lanier, the value of the said property, to-wit: $....... together with his damages in the sum of $....... and his costs of this suit here taxed at $.......; for which let execution issue in due course."

On writ of error taken by the defendant and the sureties on his forthcoming bond, it is contended here that the writ was issued before the affidavit was filed and that the judgment does not follow the verdict.

While the filing dates indicate that the writ was issued a day before the affidavit was filed, the writ shows that it was issued on a complaint, and, in the absence of a contrary showing, it must be assumed on this record, that the affidavit was in fact on file, though erroneously dated, when the writ was issued.

The judgment is only for the recovery of the property, and for this purpose at least it sufficiently adjudges a right of possession and accords with the verdict and the statute under which it was rendered.

There is no judgment for damages or costs against the defendant, or for the value of the property, damages and costs against the defendant and his sureties on the forthcoming bond, the judgment being blank as to amounts.

Affirmed.

BROWNE, C. J., TAYLOR, ELLIS AND WEST, J. J., concur.